IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH ANN VANDIVNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:19-cv-691-SMD |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On March 3, 2020, the Commissioner filed an *Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant* (Doc. 10) for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner states that remand is necessary so that the Agency may "reevaluate Plaintiff's impairments to determine whether her severe impairments meet or equal a Listing, evaluate all opinion evidence of record; re-assess Plaintiff's residual functional capacity; proceed through the sequential evaluation process as needed and appropriate based on the updated record; take any further action to complete the administrative record and issue a new decision." (Doc. 10) at 2.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner

for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

In this case, the Court finds reversal and remand necessary as Defendant concedes reconsideration and further development of the record is in order. Furthermore, Plaintiff does not oppose the motion. Accordingly, it is

ORDERED that the Commissioner's *Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand to Defendant* (Doc. 10) be and hereby is GRANTED. It is further

ORDERED AND ADJUDGED that the decision of the Commissioner be and is hereby REVERSED and this case be and is hereby REMANDED to the Commissioner for further proceedings. Finally, it is

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), the plaintiff shall have **ninety (90)** days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C.§ 406(b). *See also Blitch v. Astrue,* 261 F. App'x 241, 241 n.1 (11th Cir. 2008).

Done this 23rd day of March, 2020.

    /s/ Stephen M. Doyle
    UNITED STATES MAGISTRATE JUDGE